UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Josefina Caraballo, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| Automated Collection Services, Inc. and Conn's, Inc. | |
| Defendants. | |

## Nature of this Action

1. Josefina Caraballo ("Plaintiff") brings this class action lawsuit against Automated Collection Services, Inc. ("ACSI") and Conn's, Inc. ("Conn's") (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, ACSI, on behalf of and at the direction of Conn's, routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to deliver non-emergency text messages to telephone numbers assigned to a cellular telephone service without prior express consent.

3. In the alternative, upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to deliver non-emergency text messages to telephone numbers assigned to a cellular telephone service without prior express consent.

4. Upon information and good faith belief, ACSI routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district, and because ACSI is headquartered in this District.

**Parties**

7. Plaintiff is a natural person who at all relevant times resided in Devine, TX.

8. Conn's is a "specialty retailer" selling a variety of home goods products through its retail stores, located throughout the United States.[1]

9. Conn's is headquartered in The Woodlands, Texas, and incorporated in Delaware.

10. ACSI is an accounts receivable management company and debt collector headquartered in Nashville, Tennessee, and incorporated in Tennessee.

11. ACSI is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

12. ACSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

13. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(210) 449-XXXX.

---

[1] https://ir.conns.com/investor-relations (last visited April 14, 2020).

14. On January 17, 22, and 24, 2020, Plaintiff received the following text messages from short code 94286 on her cellular telephone:



15. "A short code is a number with fewer digits than a phone number to which a text message can be sent. The five-or six-digit numbers are often promoted in traditional and digital advertising. Companies use these codes to bring customers into the branded experience through voting, surveys, sweepstakes, coupon offers, information updates, loyalty programs and alerts."[2]

---

[2] https://usshortcodes.com/faqs (last visited April 14, 2020).

16. "A dedicated short code is an SMS short code that is used and paid for exclusively by one brand. A dedicated short code is different from a shared short code, because a shared short code is used and paid for by multiple brands."[3]

17. "A vanity short code, is a 5-6 digit phone number that is specifically selected by a brand, rather than selected at random by the Common Short Code Administration (CSCA)."[4]

18. Plaintiff received similar text messages from short code 94286 on several additional dates, including January 30 and 31, 2020, February 7, 11, 14, 19, 27, 28, 2020, March 6, 11, 13, 18, 19, 24, 25, 27, 31, 2020, and April 8, 10, 14, and 24, 2020, for a total of over 20 text messages.

19. In each of the subject text messages from short code 94286, the sender is identified as "Conns HomePlus," and the messages refer the recipient to "A.C.S.I." for subsequent communications.

20. When called, the (844) 350-3431 telephone number connects to ACSI's retail debt collection department, by way of an IVR message.

21. Each of the subject text messages included an opt-out provision, stating "[t]o opt-out reply STOP."

22. Plaintiff replied either "Stop" or "STOP" after receiving each of the subject text messages from short code 94286.

23. When Plaintiff replied "Stop" to short code 94286, she separately received a text message from telephone number (877) 755-0395 acknowledging, but rejecting, Plaintiff's instruction:

---

[3] https://usshortcodedirectory.com/faq/what-is-a-dedicated-short-code/ (last visited April 14, 2020).

[4] https://usshortcodedirectory.com/faq/what-is-a-vanity-short-code/ (last visited April 14, 2020).



24. However, on January 31, 2020, telephone number (877) 755-0395 delivered a different text message to Plaintiff's cellular telephone, finally indicating that Defendants would accept Plaintiff's "Stop" instruction:



25. The (877) 358-1252 telephone number included within the acknowledgement text message is the official "Contact Us" telephone number for Conn's.[5]

26. Despite this acknowledgement message, short code 94286 continued to deliver text messages to Plaintiff's cellular telephone number.

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the text messages at issue—standardized, impersonal, consistent in structure and format, and featuring automatic responses—ACSI delivered the text messages at

---

[5] https://ir.conns.com/contact-us (last visited April 14, 2020).

issue on behalf of or at the direction of Conn's, to telephone number (210) 449-XXXX, by using an automatic telephone dialing system.

28. In the alternative, upon information and good faith belief, and in light of the frequency, number, nature, and character of the text messages at issue—standardized, impersonal, consistent in structure and format, and featuring automatic responses—Defendants delivered the text messages at issue to telephone number (210) 449-XXXX by using an automatic telephone dialing system.

29. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, ACSI delivered the text messages at issue on behalf of or at the direction of Conn's, to telephone number (210) 449-XXXX, by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers. *See Duran v. La Boom Disco, Inc.*, No. 19-600-CV, 2020 WL 1682773, at *6 (2d Cir. Apr. 7, 2020) (defining ATDS as equipment that "may call numbers from stored lists, such as those generated, initially, by humans," if it has the capacity to "dial numbers without human intervention."); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) (defining ATDS as "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person).").

30. In the alternative, upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendants delivered the text messages at issue to telephone number (210) 449-

XXXX by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

31. Upon information and good faith belief, ACSI, on behalf of or at the direction of Conn's, delivered the text messages to telephone number (210) 449-XXXX for non-emergency purposes.

32. In the alternative, upon information and good faith belief, Defendants delivered the text messages to telephone number (210) 449-XXXX for non-emergency purposes.

33. Upon information and good faith belief, ACSI, on behalf of or at the direction of Conn's, delivered the text messages to telephone number (210) 449-XXXX voluntarily.

34. In the alternative, upon information and good faith belief, Defendants delivered the text messages to telephone number (210) 449-XXXX voluntarily.

35. Upon information and good faith belief, ACSI, on behalf of or at the direction of Conn's, delivered the text messages to telephone number (210) 449-XXXX under its own free will.

36. In the alternative, upon information and good faith belief, Defendants delivered the text messages to telephone number (210) 449-XXXX under their own free will.

37. Upon information and good faith belief, ACSI, on behalf of or at the direction of Conn's, had knowledge that it was using an automatic telephone dialing system to deliver the text messages to telephone number (210) 449-XXXX.

38. In the alternative, upon information and good faith belief, Defendants had knowledge that they were using an automatic telephone dialing system to deliver the text messages to telephone number (210) 449-XXXX.

39. Upon information and good faith belief, ACSI, on behalf of or at the direction of Conn's, intended to use an automatic telephone dialing system to deliver the text messages to telephone number (210) 449-XXXX.

40. In the alternative, upon information and good faith belief, Defendants intended to use an automatic telephone dialing system to deliver the text messages to telephone number (210) 449-XXXX.

41. Plaintiff is not now, nor was, a customer of Conn's.

42. Plaintiff does not have, nor had, a business relationship with Conn's.

43. Upon information and good faith belief, Defendants maintain business records that show all text messages they delivered, or caused to be delivered, to Plaintiff's cellular telephone number.

44. The purpose of the text messages at issue was to collect a debt allegedly owed to Conn's by someone unknown to Plaintiff.

45. Plaintiff did not give Defendants prior express consent to send text messages to her cellular telephone number.

46. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

47. Upon information and good faith belief, Defendants routinely use an automatic telephone dialing system to send text messages, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

48. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

*TCPA class 1*: All persons throughout the United States (1) to whom Automated Collection Services, Inc., on behalf of Conn's, Inc., delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Automated Collection Services, Inc.'s text message, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification

*TCPA class 2*: All persons throughout the United States (1) to whom Automated Collection Services, Inc., on behalf of Conn's, Inc., delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Automated Collection Services, Inc.'s text message, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification, (5) after Automated Collection Services, Inc. was instructed to stop placing calls to his or her telephone number.

*Alternative TCPA class 1*: All persons throughout the United States (1) to whom Automated Collection Services, Inc. or Conn's, Inc. delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Automated Collection Services, Inc.'s or Conn's, Inc.'s text message, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification

*Alternative TCPA class 2*: All persons throughout the United States (1) to whom Automated Collection Services, Inc. or Conn's, Inc. delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Automated Collection Services, Inc.'s or Conn's, Inc.'s text message, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification, (5) after Automated Collection Services, Inc. or Conn's, Inc. was instructed to stop placing calls to his or her telephone number.

*FDCPA class*: All persons throughout the United States (1) to whom Automated Collection Services, Inc. placed, or caused to be placed, a text message, (2) within the one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Automated Collection Services, Inc. was instructed to stop placing text message to his or her telephone number.

49. Excluded from the classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which either defendant has or had a controlling interest.

50. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

51. The exact number of the members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

52. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

53. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties.

54. Plaintiff's claims are typical of the claims of the members of the classes.

55. As it did for all members of the TCPA classes, Defendants used an automatic telephone dialing system to deliver text messages to Plaintiff's cellular telephone number, absent prior express consent.

56. As it did for all members of the FDCPA classes, ACSI delivered text messages to Plaintiff's telephone number for the purposes of collecting a debt after being told to stop.

57. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendants.

58. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

59. Plaintiff suffered the same injuries as the members of the classes.

60. Plaintiff will fairly and adequately protect the interests of the members of the classes.

61. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the

interests of the members of the classes.

62. Plaintiff will vigorously pursue the claims of the members of the classes.

63. Plaintiff has retained counsel experienced and competent in class action litigation.

64. Plaintiff's counsel will vigorously pursue this matter.

65. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

66. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the classes.

67. Issues of law and fact common to all members of the classes are:

   a. Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

   b. Defendants' use of an automatic telephone dialing system as defined by the TCPA;

   c. ACIS's status as a debt collector as defined by the FDCPA;

   d. Whether Conn's ratified ACSI's delivery of the text messages at issue;

   e. Whether ACSI delivered text messages at the direction of Conn's;

   f. Defendants' violations of the TCPA;

   g. ACSI's violations of the FDCPA;

   h. The availability of attorneys' fees and costs; and

   i. The availability of statutory penalties.

68. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

69. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

70. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

71. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

72. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

73. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

74. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

75. There will be no extraordinary difficulty in the management of this action as a class action.

76. Defendants acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**Against Defendants, on Behalf of the TCPA classes**

77. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-76.

78. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); *Duran*, 2020 WL 1682773, at *1 n.4 ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted).

79. 47 U.S.C. § 227(b)(1)(A)(iii) makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ."

80. ACSI violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, and the cellular telephone numbers of proposed TCPA Class members, without prior express written consent.

81. ACSI is directly liable for its text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of proposed TCPA class members.

82. ACSI placed advertising and marketing text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of proposed class members as an agent of Conn's.

83. Conn's is liable for text messages that ACSI placed to Plaintiff's cellular telephone number and the cellular telephone numbers of proposed class members on its behalf.

84. Conn's, as ACSI's principal, is vicariously liable for ACSI's conduct, because Conn's directed ACSI to place text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of proposed class members.

85. Conn's, as ACSI's principal, is vicariously liable for ACSI's conduct, because Conn's authorized ACSI to place text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of proposed class members.

86. Conn's, as ACSI's principal, is vicariously liable for ACSI's conduct, because Conn's ratified ACSI's placement of text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of proposed class members by accepting the benefits of ACSI's conduct.

87. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the TCPA classes, are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### Against Defendants, on Behalf of the Alternative TCPA classes

88. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-76.

89. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield*, 569 F.3d at 954 (9th Cir. 2009); *Duran*, 2020 WL 1682773, at *1 n.4 ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted).

90. 47 U.S.C. § 227(b)(1)(A)(iii) makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ."

91. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, and the cellular telephone numbers of proposed TCPA Class members, without prior express written consent.

92. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the TCPA classes, are entitled to damages in an amount to be proven at trial.

## Count III
## Violation of 15 U.S.C. § 1692d
## Against ACSI, on Behalf of the FDCPA class

93. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-76.

94. 15 U.S.C. § 1692d provides in pertinent part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

95. ACSI violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, and FDCPA class members, in connection with the collection of consumer debts. *See Gilmore v. USCB Corp.*, No. 5:17-CV-119 (MTT), 2017 WL 5230922, at *3 (M.D. Ga. Nov. 9, 2017) ("Moreover, pursuant to § 1692d(5), [a plaintiff] is only required to plead enough facts to show that it is plausible that [the defendant] caused his cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. *Twombly*, 550 U.S. at 570. He has. Taking the facts in the light most favorable to [the plaintiff], the Court notes that [the defendant], despite being informed it had the wrong number, has placed more than two calls to [the plaintiff's] cellular telephone number. . . . Thus, the Court concludes that [the plaintiff] has stated a claim for relief under § 1692d that is plausible on its face").

96. By repeatedly delivering text messages to Plaintiff's cellular telephone number for the purpose of attempting to collect a debt that Plaintiff did not owe, including after Plaintiff informed Defendant that it was calling a wrong number, ACSI violated 15 U.S.C. § 1692d.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that ACSI violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Adjudging and declaring that Conn's violated 47 U.S.C. § 227(b)(1)(A)(iii);

f) Enjoining Defendants from continuing its violative behavior, including continuing to deliver text messages to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed classes;

g) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

h) Awarding Plaintiff and the TCPA classes treble damages under 47 U.S.C. § 227(b)(3);

i) Awarding Plaintiff and the FDCPA class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

j) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

k) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: May 20, 2020

*/s/ Christopher K. Thompson*
Christopher K. Thompson
Thompson Law
4800 Charlotte Pike, Suite 200
Nashville, TN 37209
Phone: (615) 832-2335
kim@thompsonslawoffice.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes